IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KEITH LA'DALE PORTER**                                                    **PETITIONER**

**v.**                                    **CIVIL ACTION NO. 1:19-CV-434-LG-JCG**

**JOE ERRINGTON**                                                      **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Keith la'Dale Porter. The Petition challenges his 2017 conviction as a habitual offender for armed robbery and unlawful possession of a firearm. Respondent Joe Errington has filed a Motion to Dismiss (ECF No. 10), alleging that Porter's Petition is procedurally barred. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Porter's Petition is procedurally barred and recommends that Respondent's Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

### I. BACKGROUND

Porter is a postconviction inmate in the custody of the Mississippi Department of Corrections. After pleading guilty to the charges of armed robbery and unlawful possession of a firearm or weapon by a convicted felon, he was sentenced as a habitual offender for a total of thirty-five years, with twenty suspended and fifteen to serve on March 21, 2017 (ECF No. 11-1 at 30). Although

1

Porter filed a direct appeal, the Mississippi Court of Appeals dismissed it for lack of jurisdiction on June 6, 2017 (ECF No. 11-1 at 3; ECF No. 11-2 at 3).

Porter filed his first Motion for Post-Conviction Collateral Relief (ECF No. 10-2) in the Harrison County Circuit Court on August 7, 2017. This Motion challenged his conviction for armed robbery. In it, he asserted that he was denied the right to a speedy trial because of his ineffective counsel. On October 23, 2017, the Circuit Court found that his plea was freely, knowingly, and voluntarily made; therefore, it found that he had waived his right to a speedy trial (ECF No. 10-3; ECF No. 11-3 at 100-02). Porter appealed this decision (ECF No. 11-3 at 103-04), but he later moved to voluntarily dismiss his appeal (ECF No. 11-3 at 4). The Mississippi Court of Appeals granted his Motion on March 8, 2018 (ECF No. 11-3 at 3).

Porter also filed a Motion for Post-Conviction Collateral Relief (ECF No. 10-5) related to his conviction for possession of a firearm on August 23, 2017. He asserted that there was insufficient proof to charge him as a habitual offender; the detective violated his right to equal protection by failing to investigate his allegation that he was a victim of armed robbery, kidnapping, and assault; the District Attorney engaged in selective prosecution; and he received ineffective assistance of counsel when counsel did not conduct an investigation, did not subpoena witnesses, and waived his right to speedy trial without his permission. The Circuit Court again found that Porter voluntarily, knowingly, and intelligently entered a guilty plea and waived his rights. Therefore, it denied his Motion on January 18, 2018 (ECF No. 10-6; ECF No. 11-4 at 31-33). Porter filed a Notice of Appeal on February 6, 2018 (ECF

No. 11-4 at 35), but because he failed to file a brief, the Mississippi Court of Appeals dismissed the appeal on August 7, 2018 (ECF No. 11-4 at 2).

Porter filed a third motion, a Post-Conviction Motion to Withdraw Plea and Vacate Conviction and Sentence (ECF No. 10-8) in the Harrison County Circuit Court on January 12, 2018. He argued that his right to equal protection was violated because of selective prosecution; his right to due process was violated because the weapon was not examined for fingerprints, and this also prevented him from having witnesses testify on his behalf; the members of the grand jury were improperly selected; and he received ineffective assistance of counsel. The Circuit Court dismissed his Motion as a successive filing on February 7, 2018 (ECF No. 11-3 at 58). Porter appealed, arguing that newly discovered evidence and his ineffective assistance claim overcame the procedural bar. However, the Mississippi Court of Appeals disagreed, finding that his third motion was successive writ-barred. *Porter v. State*, 281 So. 3d 935 (Miss. Ct. App. 2019).

Porter filed another Post-Conviction Motion to Withdraw Plea and Vacate Conviction and Sentence (ECF No. 10-11) in the Harrison County Circuit Court on February 5, 2018. This Motion challenged Porter's conviction for possession of a firearm. He again argued that he received ineffective assistance of counsel, particularly because his counsel did not investigate his case and did not advise him that the charges were time barred. On February 20, 2018, the Circuit Court again found that Porter's Motion was successive and that he had not shown he satisfied any exception to the successive-writ bar. The Mississippi Court of Appeals agreed,

finding that Porter's claims did not implicate any fundamental constitutional rights violations. *Porter v. State*, 271 So. 3d 731 (Miss. Ct. App. 2018).

Porter's instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus was received on August 7, 2019, but it was signed on July 24, 2019 (ECF No. 1). In it, he raises three grounds for relief: (1) he received ineffective assistance of counsel; (2) the letters he received stating that there were no minutes from the grand jury constitute newly discovered evidence that he was not properly indicted; and (3) the trial court lacked jurisdiction because he was not indicted by the grand jury.

Respondent filed a Motion to Dismiss (ECF No. 6) on October 10, 2019, alleging that Porter's Petition is procedurally barred from federal habeas review because he never presented his claims to the Mississippi Supreme Court. Porter has failed to respond to the Motion, despite being ordered to do so (ECF No. 12; ECF No. 13).

## II. DISCUSSION

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1). Second, a writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies, there is no available state corrective process, or the process is ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A petitioner has not exhausted if "he has the right

under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Ultimately, a petitioner must give the state court system a "full and fair opportunity to resolve federal constitutional claims" prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requires a petitioner to present the claims to the state's highest court in a procedurally proper manner. *Id.*

The Mississippi Uniform Post-Conviction Collateral Relief Act provides the available procedure in Mississippi's state courts. *See* Miss. Code Ann. §§ 99-39-1 to -29. A petitioner must first file his motion in the trial court or, if necessary, seek leave of the Mississippi Supreme Court to do so. Miss. Code Ann. § 99-39-7. If a petitioner is unsatisfied with the trial court's decision, he may file an appeal "on such terms and conditions as are provided for in criminal cases." Miss. Code. Ann. § 99-39-25. When, as in Porter's case, the Mississippi Court of Appeals dismisses an appeal and denies rehearing, a party has fourteen days from the entry of judgment to file a petition for writ of certiorari with the Mississippi Supreme Court. *See* Miss. R. App. P. 17(b). Porter did not do so.

Because Porter failed to present his claims to the Mississippi Supreme Court in a timely manner, his claims are unexhausted. *O'Sullivan*, 526 U.S. at 848 (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). *See also McGruder v. Epps*, No. 5:05-cv-20-KS-MTP, 2007 WL 4644627, at *4 (S.D. Miss. Dec. 17, 2007). Further, as the time for filing a petition for a writ of certiorari has passed, Porter is no longer able to exhaust his claims. *McGruder*, 2007 WL 4644627, at *5. Therefore, this

5

Court is barred from reviewing Porter's claims. *See Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) ("[w]hen . . . state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims"). To overcome this procedural bar, Porter "must 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Woodfox v. Cain,* 609 F.3d 774, 793 (5th Cir. 2010) (quoting *Coleman,* 501 U.S. at 750).

To prove cause, Porter must establish "something external . . . something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753. This could include "showing that the factual or legal basis for a claim was not reasonably available" or there was "some interference by officials." *Id.* Respondent submits that Porter has not satisfied this requirement, and because Porter has failed to respond, he has not offered any evidence to the contrary. Additionally, it appears that Porter raised his claims in his various motions in state court, so the factual and legal basis for the claims were available to him. There is also no evidence that any interference prevented Porter from filing a writ of certiorari. Because Porter has failed to establish cause, this Court need not consider the prejudice requirement. *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992).

The fundamental miscarriage of justice exception "is confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir.

6

1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). In order to "make the necessary showing of innocence, a petitioner must demonstrate that 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Allen v. Vannoy*, 659 Fed. App'x 792, 803 (5th Cir. 2016) (quoting *Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014)). Porter does not appear to make a claim of actual innocence. Additionally, the only new evidence he discusses is a letter from the "Harrison County Courthouse" that stated "[t]here is no such thing as the minutes of the Court/Grand Jury" (ECF No. 1). Porter has failed to make any arguments concerning how this lack of records supports his innocence. Therefore, Porter cannot overcome the procedural bar.

Finally, Porter's Petition may be dismissed for Porter's failure to prosecute. He has failed to respond to the Motion to Dismiss (ECF No. 10) and the Court's Orders to Show Cause (ECF No. 12; ECF No. 13). He has not corresponded with he Court since September 17, 2019 (ECF No. 6). The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the Court. *Id.* at 629-30. The Court's authority to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute extends to habeas petitions. *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 10) be granted and Keith la'Dale Porter's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain

8

error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 9th day of March, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE